UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 12-540 (KM) |
| : | |
| v. : | |
| : | |
| FELIX ROQUE and : | |
| JOSEPH ROQUE, : | |
|     a/k/a "Maria Pasquale" : | |
|     a/k/a "Jeffrey Reynoso" : | |
| : | |
|     Defendants : | |

---

**DEFENDANT JOSEPH ROQUE'S REQUESTS TO CHARGE**

---

ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Defendant Joseph Roque

## TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| COUNT 1 – CONSPIRACY -- OVERVIEW | 1 |
| COUNT 1 – FIRST ELEMENT – EXISTENCE OF AN AGREEMENT | 3 |
| COUNT 1 – SECOND ELEMENT – MENTAL STATES | 4 |
| COUNT 1 – THIRD ELEMENT – OVERT ACTS | 4 |
| COUNT 1 – SUCCESS IMMATERIAL | 5 |
| COUNT 1 – ACTS AND STATEMENTS OF COCONSPIRATORS | 6 |
| COUNT 2 – UNAUTHORIZED ACCESSING – OVERVIEW | 6 |
| COUNT 2 – FIRST ELEMENT – UNAUTHORIZED ACCESSING | 8 |
| COUNT 2 – SECOND ELEMENT – OBTAINING INFORMATION | 8 |
| COUNT 2 – THIRD ELEMENT – FURTHERING ADDITIONAL CRIMES | 9 |
|    A. Causing Damage | 9 |
|    B. Harassing Other Individuals | 11 |
|    C. Unanimity | 12 |
|    D. Specific Contemporary Intention | 12 |
|    E. Primary Motive/Determinative Factor | 13 |
| COUNT 2 – ACCOMPLICE LIABILITY – AIDING AND ABETTING | 13 |
| COUNT 2 – RESPONSIBILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY COCONSPIRATOR | 15 |
| GOOD FAITH | 16 |
| CONCLUSION | 17 |

## PRELIMINARY STATEMENT

Defendant Joseph Roque, through the undersigned counsel, respectfully submits the following requests to charge regarding the elements of the offenses charged. We respectfully reserve the right to submit additional requests to charge, and/or to respond to any requests to charge submitted by the government or proposed by the Court, prior to the final charge.

## COUNT 1 – CONSPIRACY -- OVERVIEW

Count 1 of the superseding indictment charges that between on or about February 6, 2012 and on or about February 17, 2012, in Hudson County, in the District of New Jersey, the defendants, Felix Roque and Joseph Roque, knowingly and intentionally conspired and agreed with each other to commit two offenses against the United States and that, to further the objectives of the conspiracy, at least one defendant committed at least one overt act, as alleged in the superseding indictment, contrary to Title 18, United State Code, Section 371.

Each of the two offenses which the defendants allegedly conspired to commit alleges that they conspired to access a computer without authorization and to obtain information from protected computers in furtherance of certain additional criminal acts. One such offense alleges that the defendants conspired to access a Hotmail computer without authorization and to obtain the contents of the West New York News Account from the Hotmail computer in furtherance of two additional criminal acts: first, causing damage to the Go Daddy and Weebly computers which hosted the domain name and content, respectively, for the Recall Website, in violation of federal law; and second, harassing individuals associated with the Recall Website, in violation of New Jersey state law ("the Hotmail Offense"). The other such offense alleges that the defendants conspired to access a Facebook computer without authorization and to obtain the contents of the Facebook Account from the Facebook computer in furtherance of one of those two additional

criminal acts, specifically, harassing individuals associated with the Recall Website, in violation of New Jersey state law ("the Facebook Offense").

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendants guilty of conspiracy to commit offenses against the United States under Count 1 of the superseding indictment, you must find that the government proved beyond a reasonable doubt each of the following three elements:

First: That the defendants agreed to commit the two unauthorized accessing offenses charged as conspiratorial objects in Count 1, that is, the Hotmail Offense and the Facebook Offense. I will explain the elements of those unauthorized accessing offenses to you when I instruct you under Count 2 of the superseding indictment, which charges the Hotmail Offense separately as a substantive offense;

Second: That the defendants made the agreement or conspiracy knowing of its objectives to commit those unauthorized accessing offenses and intending to join together to achieve those objectives; that is, that the defendants shared a unity of purpose and the intent to achieve those common goals or objectives; and

Third: That at some time during the existence of the agreement or conspiracy, at least one of the defendants performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.[1]

---

[1] Third Circuit Model Criminal Charge 6.18.371A.

2

## COUNT 1 – FIRST ELEMENT – EXISTENCE OF AN AGREEMENT

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that the defendants knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, which was to commit the Hotmail Offense and the Facebook Offense as alleged in Count 1 of the superseding indictment.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. What the government must prove beyond a reasonable doubt is that the defendants in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective, specifically, an agreement to commit the Hotmail Offense and the Facebook Offense as alleged in Count 1.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the defendants, from the surrounding circumstances, and from any evidence of related facts and circumstances which prove that the activities of the defendants could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Although the superseding indictment charges a conspiracy to commit the Hotmail Offense and the Facebook Offense, the government does not have to prove that the defendants agreed to commit both of those offenses. However, the government must prove that the defendants agreed to

3

commit at least one of those offenses, and you must unanimously agree on which offense. You cannot find the defendants guilty of conspiracy unless you unanimously agree that the same unauthorized accessing offense was the objective of the conspiracy. It is not enough if some of you agree that the Hotmail Offense was the objective of the conspiracy and others agree that the Facebook Offense was the objective of the conspiracy.[2]

Again, I will explain the elements of those unauthorized accessing offenses to you when I instruct you under Count 2 of the superseding indictment, which charges the Hotmail Offense separately as a substantive offense.

### COUNT 1 – SECOND ELEMENT -- MENTAL STATES

In order to find the defendants guilty of conspiracy, you must find that the government proved beyond a reasonable doubt that the defendants joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives. That is, the government must prove: (1) that the defendants knew of the objectives or goals of the conspiracy, (2) that the defendants joined the conspiracy intending to help further or achieve those goals or objectives, and (3) that the defendants shared a unity of purpose toward those objectives or goals.

Here, the objectives or goals of the conspiracy charged in Count 1 were the commission of the Hotmail Offense and the Facebook Offense. Again, the Hotmail Offense alleges that the defendants conspired to access a Hotmail computer without authorization and to obtain the contents of the West New York News Account from the Hotmail computer in furtherance of two additional criminal acts: first, causing damage to the Go Daddy and Weebly computers which hosted the domain name and content, respectively, for the Recall Website, in violation of federal

---

[2] Third Circuit Model Criminal Charge 6.18.371C.

4

law; and second, harassing individuals associated with the Recall Website, in violation of New Jersey state law. The Facebook Offense alleges that the defendants conspired to access a Facebook computer without authorization and to obtain the contents of the Facebook Account from the Facebook computer in furtherance of one of those two additional criminal acts, specifically, harassing individuals associated with the Recall Website, in violation of New Jersey state law. Because the objectives or goals of the conspiracy allege that the defendants conspired to access computers without authorization and to obtain information from those computers in furtherance of those additional criminal acts, you must find that the defendants conspired to access computers without authorization and to obtain information from those computers in furtherance of those additional criminal acts. Again, I will instruct you on those additional criminal acts when I instruct you on the Hotmail Offense as charged separately in Count 2 of the superseding indictment.

You may consider both direct evidence and circumstantial evidence, including the defendants' words or conduct and other facts and circumstances, in deciding whether the defendants had the required knowledge and intent.[3]

## COUNT 1 – THIRD ELEMENT – OVERT ACTS

With regard to the third element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one defendant performed at least one of the overt acts described in Count 1 of the superseding indictment, for the purpose of furthering or helping to achieve the objectives of the conspiracy.

Count 1 alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal. Also, the government does

---

[3] Third Circuit Model Criminal Charge 6.18.371E.

not have to prove that both defendants personally committed any of the overt acts. Rather, the government must prove beyond a reasonable doubt that at least one defendant committed at least one of the overt acts alleged in Count 1 and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objectives of the conspiracy. You must unanimously agree on the overt act that was committed.[4]

## COUNT 1 – SUCCESS IMMATERIAL

The government is not required to prove that the defendants were successful in achieving the objectives of the conspiracy. You may find the defendants guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that the defendants actually committed either the Hotmail Offense or the Facebook Offense charged as conspiratorial objects in Count 1 of the superseding indictment. On the other hand, even if you find that one or both of those offenses was committed, their commission would not necessarily mean that the defendants conspired to commit them unless you find that the government proved beyond a reasonable doubt the elements I have explained. In considering those elements, you should also consider the elements of the Hotmail Offense on which I will instruct you shortly under Count 2 of the superseding indictment. However, conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy may be complete without the commission of those offenses.[5]

## COUNT 1 – ACTS AND STATEMENTS OF COCONSPIRATORS

Evidence has been admitted in this case that the defendants, who are alleged to have

---

[4] Third Circuit Model Criminal Charge 6.18.371F.

[5] Third Circuit Model Criminal Charge 6.18.371G.

conspired with each other, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against one defendant any acts done or statements made by the other defendant, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.[6]

## COUNT 2 – UNAUTHORIZED ACCESSING -- OVERVIEW

Count 2 of the superseding indictment charges that between on or about February 6, 2012 and on or about February 17, 2012, in Hudson County in the District of New Jersey, the defendants, Felix Roque and Joseph Roque, knowingly and intentionally accessed a computer without authorization and thereby obtained information from a protected computer in furtherance of additional criminal acts, contrary to Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii) and Section 2.

The unauthorized accessing offense charged in Count 2 alleges that the defendants accessed the Hotmail computer without authorization on February 8, 2012 at 11:49 a.m. and thereby obtained the contents of the West New York News Account from the Hotmail computer in furtherance of two additional criminal acts: first, causing damage to the Go Daddy and Weebly computers, which hosted the domain name and content, respectively, for the Recall Website, in

---

[6] Third Circuit Model Criminal Charge 6.18.371K.

7

violation of federal law; and second, harassing individuals associated with the Recall Website, in violation of New Jersey state law. This is the Hotmail Offense, which is one of the two unauthorized accessing offenses charged as conspiratorial objects in Count 1, on which I just instructed you.

The other unauthorized accessing offense charged as a conspiratorial object in Count 1, the Facebook Offense, is not charged separately as a substantive offense in the superseding indictment. However, in considering whether the defendants conspired to commit the Facebook Offense under Count 1, you should consider the following instructions regarding the Hotmail Offense charged in Count 2.

In order for you to find the defendants guilty under Count 2, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First: That the defendants intentionally accessed a computer without authorization; and

Second: That the defendants thereby obtained information from a protected computer.

If you find that the government did not prove either of those elements beyond a reasonable doubt, you must acquit the defendants under Count 2. If, on the other hand, you find that the government proved both of those elements beyond a reasonable doubt, you must consider whether the government also proved beyond a reasonable doubt the following third element:

Third: That the defendants acted in furtherance of additional criminal acts.

I will explain these elements in more detail.

### COUNT 2 – FIRST ELEMENT – UNAUTHORIZED ACCESSING

The first element under Count 2 is that the defendants intentionally accessed a computer without authorization.

Count 2 charges that the defendants intentionally accessed a computer without authorization on February 8, 2012 at 11:49 a.m.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.[7]

The term "without authorization" is commonly understood to refer to persons who have no permission or authority to do something.[8]

### COUNT 2 – SECOND ELEMENT – OBTAINING INFORMATION

The second element under Count 2 is that the defendants thereby obtained information from a protected computer.

Count 2 charges that, by intentionally accessing the Hotmail computer without authorization on February 8, 2012 at 11:49 a.m., the defendants obtained the contents of the West New York News Account from the Hotmail computer.

The term "protected computer" means a computer which is used in or affecting interstate commerce or communication.

If you find that the government did not prove either of those elements beyond a reasonable doubt, you must acquit the defendants under Count 2. If, on the other hand, you find that the government proved both of those elements beyond a reasonable doubt, you must consider whether the government also proved beyond a reasonable doubt the following third element.

---

[7] 18 U.S.C. § 1030(e)(1).

[8] Condux Intern., Inc. v. Haugum, 2008 WL 4254818 at *4 (D. Minn. Dec. 15, 2008).

## COUNT 2 – THIRD ELEMENT – FURTHERING ADDITIONAL CRIMES

The third element under Count 2 is that the defendants acted in furtherance of additional criminal acts.

Count 2 charges that, by intentionally accessing a computer without authorization on February 8, 2012 at 11:49 a.m., the defendants acted in furtherance of two additional criminal acts: first, causing damage to the Go Daddy and Weebly computers, which hosted the domain name and content, respectively, for the Recall Website, in violation of federal law; and second, harassing individuals associated with the Recall Website, in violation of New Jersey state law.

### A. Causing Damage

The first additional criminal act that the defendants allegedly acted in furtherance of was knowingly causing the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally causing damage without authorization to protected computers, in violation Title 18, United States Code, section 1030(a)(5)(A).

Count 2 charges that the defendants intentionally accessed the Hotmail computer without authorization on February 8, 2012 at 11:49 a.m. in furtherance of causing damage to the Go Daddy and Weebly computers which hosted the domain name and content, respectively, for the Recall Website.

I have previously defined the term "protected computers."

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.[10] Damage "refers to situations in which data is lost or impaired because it was erased or because (for example) a defendant smashed a hard drive with a

---

[10] 18 U.S.C. § 1030(e)(8).

hammer."[11] Damage "include[s] the destruction, corruption, or deletion of electronic files, the physical destruction of a hard drive, or any 'diminution in the completeness or usability of the data on a computer system.'"[12] Damage does not include the mere impairment of "computer services, including access to any part of the Internet, that are available to any other user of the computer services."[13] In determining whether damage was caused, you may consider any measures that were reasonably necessary to repair or restore any impairment caused to the integrity or availability of data, a program, a system, or information.[14]

You do not have to find that the defendants actually caused damage to the Go Daddy and Weebly computers. Rather, you need only find beyond a reasonable doubt that they accessed a computer without authorization in furtherance of causing such damage. In making that determination, however, you may consider whether or not they actually caused such damage.

### B. Harassing Individuals

The second additional criminal act that the defendants allegedly acted in furtherance of was harassment, in violation of New Jersey Statute 2C:33-4(a) and (c).

Count 2 charges that the defendants intentionally accessed a computer without authorization on February 8, 2012 at 11:49 a.m. in furtherance of harassing other individuals who

---

[11] Motorola, Inc. v. Lemko Corp., 609 F. Supp. 2d 760, 769 (N.D. Ill. 2009).

[12] Farmers Ins. Exchange v. The Auto Club Group, 823 F. Supp. 2d 847, 852 (N.D. Ill. 2011) (citations omitted).

[13] N.J.S.A. 2C:20-25b (proscribing anyone who "alters, damages or destroys any data, data base, computer, computer storage medium, computer program, computer software, computer system or computer network, or denies, disrupts, or impairs computer services, including access to any part of the Internet, that are available to any other user of the computer services").

[14] United States v. Middleton, 231 F.3d 1207 (9th Cir. 2000).

11

operated, and/or were associated with, the Recall Website.

A person commits harassment "if, with the purpose to harass another, he [] makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm," or "engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy."[15] To constitute harassment, a communication or communications made in a manner likely to cause annoyance or alarm must intrude into the victim's legitimate expectations of privacy and be made with the purpose to annoy or alarm the victim.[16] To constitute harassment, a course of alarming conduct or repeatedly committed acts must be intended to cause alarm or serious annoyance; it is not sufficient if the course of conduct or repeated acts are merely irritating, nettlesome or vexing.[17]

You do not have to find that the defendants actually harassed the individuals associated with the Recall Website. Rather, you need only find beyond a reasonable doubt that they accessed a computer without authorization in furtherance of harassing those individuals. In making that determination, however, you may consider whether or not they actually harassed those individuals.

C.   **Unanimity**

You do not have to find that the defendants intentionally accessed a computer without authorization in furtherance of both additional criminal acts, that is, in furtherance of both causing damage to protected computers and harassing other individuals. Rather, you need only find beyond

---

[15] N.J.S.A. 2C:33-4a and c.

[16] New Jersey Model Criminal Charge for N.J.S.A. 2C:33-4a (citing State v. Hoffman, 149 N.J. 564, 583 (1997).

[17] Id.

12

a reasonable doubt that the defendants acted in furtherance of at least one of those additional criminal acts. However, you must agree unanimously that the defendants acted in furtherance of the same additional criminal act. Thus, it would not be sufficient if some of you found that the defendants accessed a computer without authorization in furtherance of causing damage to protected computers, and the rest of you found that the defendants accessed a computer without authorization in furtherance of harassing other individuals.

### D. Specific Contemporary Intention

Additionally, you do not have to find that the defendants actually committed the additional criminal acts charged. Rather, you need only find beyond a reasonable doubt that they accessed a computer without authorization in furtherance of committing those additional criminal acts. In that regard, however, you must find that the defendants had a "specific contemporary intention" to commit the additional criminal acts charged when they intentionally accessed a computer without authorization. It would not be sufficient to find that the defendants formed such an intention after they accessed a computer without authorization. Even if you find that the defendants actually committed such additional criminal acts after such unauthorized accessing, any such finding would not necessarily mean they had a specific contemporary intention to commit those additional criminal acts at the time of such unauthorized accessing. You may consider whether or not the defendants actually committed the additional criminal acts charged in determining whether they had a "specific contemporary intention" to commit those additional criminal acts at the time of such unauthorized accessing. Thus, under the unauthorized accessing offense charged in Count 2 of the superseding indictment, you must find beyond a reasonable doubt that the defendants accessed the Hotmail computer on February 8, 2012 at 11:49 a.m. without authorization and with a

specific contemporary intention of causing damage to protected computers and/or of harassing other individuals.[18]

### E. Primary Motive/Determinative Factor

Finally, you must also find beyond a reasonable doubt that committing the additional criminal acts charged was the defendants' "primary motivation, or [] a determinative factor in [their] motivation," for intentionally accessing a computer without authorization. You do not have to find that committing the additional criminal acts was the defendants' only motivation for any such unauthorized accessing, but you must find that it was their primary or determinative motivation. Thus, under the unauthorized accessing offense charged in Count 2 of the superseding indictment, you must find beyond a reasonable doubt that the defendants accessed the Hotmail computer on February 8, 2012 at 11:49 a.m. without authorization and with a primary or determinative motivation of causing damage to protected computers and/or of harassing other individuals.[19]

## COUNT 2 – ACCOMPLICE LIABILITY – AIDING AND ABETTING

A person may be guilty of an offense because he personally committed the offense or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that Felix Roque aided and abetted Joseph Roque in committing the unauthorized accessing offense charged in Count 2 of the superseding indictment. In order to find Felix Roque guilty of that unauthorized accessing offense because he aided and

---

[18] In re DoubleClick Inc. Privacy Litigation, 154 F. Supp. 2d 497 (S.D.N.Y. 2001).

[19] Id.

14

abetted Joseph Roque in committing that offense, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements.

First: That Joseph Roque committed the offense charged by committing each of the elements of the offense charged, as I have explained to you;

Second: That Felix Roque knew that the offense charged was going to be committed or was being committed by Joseph Roque;

Third: That Felix Roque knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating or encouraging Joseph Roque in committing the specific offense charged and with the intent that Joseph Roque commit that specific offense; and

Fourth: That Felix Roque's acts did, in some way, aid, assist, facilitate or encourage Joseph Roque to commit the offense. Felix Roque's acts need not themselves be against the law.

In deciding whether Felix Roque had the required knowledge and intent, you may consider both direct and circumstantial evidence including Felix Roque's words and actions and the other facts and circumstances. However, evidence that Felix Roque merely associated with Joseph Roque, or was merely present, or was merely a knowing spectator during the commission of the offense, is not enough for you to find Felix Roque guilty as an aider and abetter. If the evidence shows that Felix Roque knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Felix Roque's intent and purpose to aid, assist, encourage or facilitate or otherwise associate himself with the offense, you may not find Felix Roque guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Felix Roque in some way participated in the offense allegedly committed by Joseph Roque as something Felix Roque wished to bring about and to make succeed. The

government needs to show some affirmative participation by Felix Roque which at least encouraged Joseph Roque to commit the offense.[20]

## COUNT 2 – RESPONSIBILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR

The government may prove a defendant guilty of an offense by proving that he personally committed it. The government may also prove a defendant guilty of an offense based on the legal rule that each member of a conspiracy is responsible for crimes and other acts committed by the other members, as long as those crimes and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to the defendant as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by any one or more of them, even though they did not all personally participate in that crime themselves.

In order for you to find Felix Roque guilty of the unauthorized accessing offense charged in Count 2 based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

First: That Felix Roque was a member of the conspiracy charged in Count 1 of the superseding indictment;

Second: That while Felix Roque was still a member of the conspiracy, Joseph Roque committed the offense charged in Count 2 of the superseding indictment, by committing each of the elements of that offense as I explained those elements to you;

Third: That Joseph Roque committed that offense within the scope of the unlawful

---

[20] Third Circuit Model Criminal Charge 7.02.

16

agreement and to help further or achieve the objectives of the conspiracy; and

Fourth: That this offense was reasonably foreseeable to or reasonably anticipated by Felix Roque as a necessary or natural consequence of the unlawful agreement.

The government does not have to prove that Felix Roque specifically agreed or knew that this offense would be committed. However, the government must prove that the offense was reasonably foreseeable to Felix Roque, as a member of the conspiracy, and within the scope of the agreement as Felix Roque understood it.[21]

## GOOD FAITH

The charges against the defendants, Felix Roque and Joseph Roque, require the government to prove beyond a reasonable doubt that they acted knowingly and intentionally, on which I have already instructed you. If you find that the defendants acted in "good faith," that would be a complete defense to these charges, because good faith on the part of the defendants would be inconsistent with their acting knowingly and intentionally.

A person acts in "good faith" when he or she has an honestly held belief, opinion, or understanding that his acts were not unlawful, even though the belief, opinion or understanding turns out to be inaccurate or incorrect. Thus, in this case if the defendants made an honest mistake or had an honest understanding that their acts were not unlawful, then they did not act knowingly and intentionally.

. The defendants do not have the burden of proving "good faith." Good faith is a defense because it is inconsistent with the requirement of the charges that the defendants acted knowingly and intentionally. As I have told you, it is the government's burden to prove beyond a reasonable

---

[21] Third Circuit Model Criminal Charge 7.02.

17

doubt each element of the offense, including the mental state elements of knowingly and intentionally. In deciding whether the government proved that the defendants acted knowingly and intentionally, or instead whether the defendants acted in good faith, you should consider all of the evidence presented in the case that may bear on the defendants' state of mind. If you find from the evidence that the defendants acted in good faith, as I have defined it, or if you find for any other reason that the government has not proved beyond a reasonable doubt that the defendants acted knowingly and intentionally, you must find the defendants not guilty of the charge.[22]

## CONCLUSION

We respectfully request that the Court instruct the jury in accordance with the foregoing requests to charge regarding the elements of the offenses charged. We respectfully reserve the right to submit additional requests to charge, and/or to respond to any requests to charge submitted by the government or proposed by the Court, prior to the final charge.

                Respectfully submitted,

                ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
                Attorneys for Defendant Joseph Roque

                By:    <u>s/ John A. Azzarello</u>

Dated: August 29, 2013

---

[22] Third Circuit Model Criminal Instruction No. 5.07.