UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| | : | |
| | : | Crim. No. 12-540 (KM) |
| v. | : | |
| | : | |
| | : | |
| FELIX ROQUE, and | : | |
| JOSEPH ROQUE, | : | |
| a/k/a "Maria Pasquale" | : | |
| a/k/a "Jeffery Reynoso " | : | |

---

## THE GOVERNMENT'S REQUESTS TO CHARGE

---

PAUL J. FISHMAN
United States Attorney
970 Broad Street
Newark, New Jersey 07102
(973) 645-2700

On the Requests:

Barbara R. Llanes
L. Judson Welle
Assistant U.S. Attorneys

## PRELIMINARY STATEMENT

The proposed jury instructions submitted by the government concern general matters of law, the essential elements of the offenses charged in the Superseding Indictment, and certain matters of evidence particularly relevant to this case.  In addition, as to other general matters, the government respectfully requests that the Court instruct the jury in accordance with its customary practice.  Finally, the government also requests leave of the Court to submit additional or supplemental instructions should such a submission be warranted by subsequent developments in the trial of this matter.

<u>TABLE OF CONTENTS</u>

| Request<br>No. | Title | Page |
|---|---|---|
| 1. | Role of Jury. | 1 |
| 2. | Evidence. | 3 |
| 3. | Direct and Circumstantial Evidence. | 6 |
| 4. | Credibility of Witnesses. | 8 |
| 5. | Expert Witnesses (If Applicable). | 10 |
| 6. | Law Enforcement Witnesses. | 12 |
| 7. | Stipulation of Fact (If Applicable). | 13 |
| 8. | Translations. | 14 |
| 9. | Not All Evidence Needed. | 15 |
| 10. | Particular Investigative Techniques Not Required. | 16 |
| 11. | Interviews by Assistant United States Attorney and Agents (If Applicable). | 17 |
| 12. | Defendant's Testimony (If Applicable). | 18 |
| 13. | Defendant's Choice Not to Testify or Present Evidence (If Applicable). | 19 |
| 14. | Impeachment of Defendant - Prior Bad Acts (Fed. R. Evid. 608(b)) (If Applicable). | 20 |
| 15. | Impeachment of Defendant - Prior Inconsistent Statements (If Applicable). | 21 |
| 16. | Defendant's Prior Bad Acts (Fed. R. Evid. 404(b)) (If Applicable). | 22 |
| 17. | Presumption of Innocence; Burden of Proof; Reasonable Doubt. | 24 |
| 18. | Separate Consideration – Multiple Defendants Charged with the Same Offenses. | 26 |
| 19. | Summary of the Superseding Indictment. | 27 |
| 20. | Count 1 - Conspiracy -Essential Elements. | 31 |

21.    Count 1 - Conspiracy - Existence of an Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

22.    Count 1 - Conspiracy - Member in the Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

23.    Count 1 - Conspiracy - Mental States. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

24.    Count 1 - Conspiracy - Success Immaterial. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

25.    Count 1 - Conspiracy - Elements and Definitions
       Related to Offenses Charged As Objects of the Conspiracy. . . . . . . . . . . . . . . . . . . . . 40

26.    Count 1 - Conspiracy - Overt Acts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

27.    Count 1 - Conspiracy - Acts of Statements of Co-Conspirators. . . . . . . . . . . . . . . . . . 46

28.    Count 2 - Unauthorized Access - Overview and Elements. . . . . . . . . . . . . . . . . . . . . . 47

29.    Count 2 - Unauthorized Access - Multiple Bases for Liability. . . . . . . . . . . . . . . . . . . 49

30.    Required State of Mind - "Knowingly". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

31.    Required State of Mind - "Intentionally". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

32.    Proof of Required State of Mind. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

33.    Motive Explained. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 55

34.    Election of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty to
       Deliberate; Communication with Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 56

35.    Verdict Form. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59

       SPECIAL VERDICT FORM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

REQUEST NO. 1

<u>Role of Jury</u>[1]

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial.  That is your job and yours alone.  I play no part in finding the facts.  You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts.  My role now is to explain to you the legal principles that must guide you in your decisions.  You must apply my instructions carefully.  Each of the instructions is important, and you must apply all of them.  You must not substitute or follow your own notion or opinion about what the law is or ought to be.  You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict is as to a given count, it will have to be unanimous.  All of you will have to agree on it or there will be no verdict as to that count.  In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind.  This is a responsibility that each of you has and that you cannot avoid.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to

---

[1]  Third Circuit Model Jury Instruction § 3.01.

communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Perform these duties fairly and impartially.  Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You also should not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.

REQUEST NO. 2

Evidence[2]

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) the testimony of the witnesses;

(2) documents and other things received as exhibits;

(3) any fact or testimony that was stipulated – that is, agreed to by the parties; and

(4) any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) the Superseding Indictment;

(2) statements and arguments of the lawyers for the parties in this case;

(3) questions by the lawyers and questions that I might have asked;

(4) objections by lawyers, including objections in which the lawyers stated facts;

(5) any testimony I struck or told you to disregard; and

(6) anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it

---

[2]  Third Circuit Model Jury Instruction § 3.02.

deserves.  If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence.  During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence.  These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You also should not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection.  If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

- 4 -

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

<u>REQUEST NO. 3</u>

<u>Direct and Circumstantial Evidence</u>[3]

Two types of evidence were used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence.  A reasonable inference is not a suspicion or a guess.  It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

---

[3]  Third Circuit Model Jury Instruction § 3.03.

- 6 -

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

REQUEST NO. 4

Credibility of Witnesses[4]

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief:  Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) the opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) the quality of the witness's knowledge, understanding, and memory;

(3) the witness's appearance, behavior, and manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

---

[4]  Third Circuit Model Jury Instruction § 3.04.

- 8 -

(6) whether the witness said or wrote anything before trial that was different from the witness's testimony in court;

(7) whether the witness's testimony was consistent or inconsistent with other evidence that you believe; and

(8) any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness's testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness's testimony.  Two or more persons witnessing an event may simply see or hear it differently.  Innocent mistaken recollection, like failure to recall, is a common human experience.  In weighing the effect of an inconsistency, you also should consider whether it was about a matter of importance or an insignificant detail.  You also should consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached.  You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you then can attach to that witness's testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented.  What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

- 9 -

<u>REQUEST NO. 5</u>

<u>Expert Witnesses</u>[5]

(If Applicable)

In this case, you heard testimony from_____.  Because of their knowledge, skill, experience, training, and education, they were qualified as experts in their respective fields and permitted to offer testimony concerning their specialized knowledge and, in some cases, permitted to offer certain opinions, including the bases for their opinions.  Specifically, _____was permitted to testify about his specialized knowledge of the following subjects: (1); (2); and (3).  In addition, _____was permitted to offer his opinions, including the bases for them, on the following topics: (1) _____ ; and (2) _____.  _____was permitted to testify about his specialized knowledge of _____.  _____was permitted to offer his specialized knowledge of _____.

The rules of evidence ordinarily do not permit witnesses to provide their specialized knowledge or to state their own opinions about important questions in a trial, but there are exceptions to these rules.  The testimony of such witnesses, however, was permitted to assist you in your duties by providing information on specialized subjects.

---

[5]  Adapted from Third Circuit Model Jury Instruction § 4.08; *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 141-150 (1999)("[T]here are many kinds different kinds of experts, and many different kinds of expertise."); *United States v. Mitchell*, 365 F.3d 215, 244 (3d Cir. 2004) (examining *Kumho Tire* in latent fingerprint case and noting that there is no distinction made between scientific, technical, or other specialized knowledge). *United States v. Otero*, 849 F. Supp. 2d 425, 431 (D.N.J. 2012) (Chesler, J.) ("[E]xpert testimony on matters of a technical nature or related to specialized knowledge, albeit not scientific, can be admissible under Rule 702, so long as the testimony satisfies the Court's test of reliability and the requirement of relevance." (citing *Kumho Tire*)).

- 10 -

The testimony of these witnesses should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this testimony you may consider the witness's qualifications, the reasons for the witness's testimony, and the reliability of the information supporting the witness's testimony, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the testimony entirely if you decide that it is not based on sufficient knowledge, skill, experience, training, or education.  You also may disregard the testimony if you conclude that the reasons given in support of the testimony are not sound, or if you conclude that the testimony is not supported by the facts shown by the evidence, or if you think that the testimony is outweighed by other evidence.

REQUEST NO. 6

Law Enforcement Witnesses[6]

You have heard the testimony of law enforcement officials.  The fact that a witness may be employed as a law enforcement official does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any ordinary witness.

You must decide, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[6]  Third Circuit Model Jury Instruction § 4.18.

<u>REQUEST NO. 7</u>

<u>Stipulation of Fact</u> [7]

(If Applicable)

The government and the defendants have agreed that *(set forth stipulated fact(s)) (is)(are)* true.  You should therefore treat *(this fact)(these facts)* as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.

---

[7]  Third Circuit Model Jury Instruction § 4.02.

REQUEST NO. 8

Translations[8]

(If Applicable)

Among the evidence admitted during the trial were document(s) and recording(s) of conversations with content that was written or spoken, in whole or in part, in the Spanish language.  Also admitted during the trial were English language translations of that content.

Although some of you may know the Spanish language, it is important that all jurors consider the same evidence.  Therefore, you must accept the English language translations and disregard any different meaning.  (*If applicable*: In this case, the government and the defendants have stipulated to the accuracy of the English language translations that were admitted into evidence.)  Whether a translation is an accurate translation, in whole or in part, is for you to decide.  (*If applicable*: In considering whether a translation is an accurate translation of a written document or recorded conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made.  You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.)

---

[8] Third Circuit Model Jury Instruction § 4.01.

<u>REQUEST NO. 9</u>

<u>Not All Evidence Needed</u>[9]

Although the government is required to prove defendants Felix Roque and Joseph Roque guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.  In addition, as I have explained, the defendants are not required to present any evidence or produce any witnesses.

---

[9]  Third Circuit Model Jury Instruction § 3.05.

REQUEST NO. 10

Particular Investigative Techniques Not Required[10]

You have heard reference, in the arguments of the lawyers in this case, to the fact that certain investigative techniques were used by the government and that certain other investigative techniques were not used.  You may consider these things.  The law, however, does not require the government to investigate or prove its case in any particular way, or to produce any particular evidence.  Law enforcement techniques are not the concern of the jury.  You should consider the evidence produced, and decide whether the government has proved its charges against a particular defendant.

---

[10]   United States v. Londono, Crim. No. 90-241 (D.N.J. 1991) (Lifland, J., jury charge); United States v. Snowell, No. 90-160 (D.N.J. 1990) (Sarokin, J., jury charge); United States v. Quintana, No. 88-363 (D.N.J. 1989) (Ackerman, J., jury charge).

<u>REQUEST NO. 11</u>

<u>Interviews by Assistant United States Attorney and Agents</u>[11]

(If Applicable)

During the trial, you have heard testimony that Assistant United States Attorneys or federal agents have interviewed some witnesses who testified during this trial to prepare for trial. No adverse inference should be drawn from that conduct.  Indeed, the United States Attorney, his assistants, and federal law enforcement officers had a right, duty, and obligation to conduct those interviews, and prepare this case as thoroughly as possible, and they might have been derelict in the performance of their duties if they had not questioned the witnesses as the investigation progressed and during their preparation for this trial.

---

[11] <u>United States v. Isabel Dominguez</u>, Crim. No. 99-475 (D.N.J. Dec. 2000) (Debevoise, J., jury charge).

REQUEST NO. 12

Defendant's Testimony[12]

(If Applicable)

In a criminal case, the defendant has a constitutional right not to testify.  However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, [defendant(s)] [Felix Roque] [and/or] [Joseph Roque] testified. You should examine and evaluate [his/their] testimony just as you would the testimony of any witness.

---

[12]  Third Circuit Model Jury Instruction § 4.28.

<u>REQUEST NO. 13</u>

<u>Defendant's Choice Not to Testify or Present Evidence</u>[13]

(If Applicable)

The defendants did not testify *(and did not present evidence in this case)*.  A defendant has an absolute constitutional right not to testify *(or to present any evidence)*.  The burden of proof remains with the government throughout the entire trial and never shifts to the defendants.  The defendants are not required to prove that they are innocent.  You must not attach any significance to the fact that defendants Felix Roque and Joseph Roque did not testify.  You must not draw any adverse inference against either of them because he did not take the witness stand.  Do not consider, for any reason at all, the fact that defendants Felix Roque and Joseph Roque did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.

---

[13]  Third Circuit Model Jury Instruction § 4.27.

<u>REQUEST NO. 14</u>

<u>Impeachment of Defendant - Prior Bad Acts (Fed. R. Evid. 608(b))</u>[14]

(If Applicable)

You heard evidence that defendant(s) [Felix Roque] [and/or] [Joseph Roque] on a pervious occasion committed (*describe bad act elicited on cross-examination of defendant*).  You may consider that evidence only to help you decide whether to believe defendant(s) [Felix Roque] [and/or] [Joseph Roque]'s testimony and how much weight to give it.  That evidence does not mean that defendant(s) [Felix Roque] [and/or] [Joseph Roque] committed the offenses charged here, and you must not use that evidence as any proof of the offenses charged in this case.

This evidence may not be used in any way at all in connection with the other defendant.

---

[14]  Third Circuit Model Jury Instruction § 4.35.

<u>REQUEST NO. 15</u>

<u>Impeachment of Defendant - Prior Inconsistent Statements</u>[15]

(If Applicable)

You will recall that defendant(s) [Felix Roque] [and/or] [Joseph Roque] testified during the trial on [his/their] own behalf.  You also will recall that there was evidence that defendant(s) [Felix Roque] [and/or] [Joseph Roque] made a statement before trial.  *(Describe the statement(s) to differentiate it from those admitted just to impeach.)*.  This earlier statement(s) by the defendant(s) was brought to your attention in part to help you decide if you believe what the defendant testified to here in court.  If you find that defendant(s) [Felix Roque] [and/or] [Joseph Roque] once said something different, then you should decide if what [he/they] said here in court was true.  In addition, however, you may consider the earlier statement(s) as evidence of defendants Felix Roque and Joseph Roque's guilt.

---

[15]  Third Circuit Model Jury Instruction § 4.38.

<u>REQUEST NO. 16</u>

<u>Defendant's Prior Bad Acts (Fed. R. Evid. 404(b))</u>[16]

(If Applicable)

You have heard testimony that defendant(s) [Felix Roque] [and/or] [Joseph Roque] (summarize the other act evidence).

This evidence of other acts was admitted only for limited purposes. You may consider this evidence only for the purpose of deciding whether defendant(s) [Felix Roque] [and/or] [Joseph Roque] :  (as applicable: [had the state of mind, knowledge, or intent necessary to commit the offenses charged in the Superseding Indictment; had a motive or the opportunity to commit the offenses charged in the Superseding Indictment; was preparing or planning to commit the acts charged in the Superseding Indictment; and did not commit the acts for which he is on trial by accident or mistake.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose(s) that I described to you.

Defendant(s) [Felix Roque] [and/or] [Joseph Roque] [is/are] not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendants committed the offenses charged. You may not consider this evidence as proof that defendant(s) [Felix Roque] [and/or] [Joseph Roque] [has/have] a bad character or any propensity to commit offenses. Specifically, you may not use this evidence to conclude that

---

[16] Third Circuit Criminal Pattern Jury Instruction § 4.29.

- 22 -

because defendant(s) [Felix Roque] [and/or] [Joseph Roque] may have committed the other acts, [he/they] must also have committed the acts charged in the Superseding Indictment.

Remember that defendants Felix Roque and Joseph Roque are on trial here for conspiracy (Count 1) and unauthorized access and obtaining information from protected computers in furtherance of criminal acts violating federal and/or state law.  Do not return a guilty verdict unless the government proves the offenses charged in the Superseding Indictment beyond a reasonable doubt.

<u>REQUEST NO. 17</u>

<u>Presumption of Innocence; Burden of Proof; Reasonable Doubt</u>[17]

The defendants Felix Roque and Joseph Roque pleaded not guilty to the offenses charged in the Superseding Indictment.  They are presumed to be innocent.  They started the trial with a clean slate, with no evidence against them.  The presumption of innocence stays with the defendants unless and until the government has presented evidence that overcomes that presumption by convincing you that defendants Felix Roque and Joseph Roque are guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find defendants Felix Roque and Joseph Roque not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt as to the particular defendant.

The presumption of innocence means that defendants Felix Roque and Joseph Roque do not have the burden or obligation to present any evidence at all or to prove that they are not guilty.  The burden or obligation of proof is on the government to prove that each defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find defendant Felix Roque or Joseph Roque guilty of the offenses charged, the government must convince you that each particular defendant is guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are

---

[17]  Third Circuit Model Jury Instruction § 3.06.

not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the particular offense charged beyond a reasonable doubt as to a particular defendant, you should return a verdict of guilty for that offense as to that particular defendant. However, if you have a reasonable doubt about one or more of the elements of the particular offense charged, then you must return a verdict of not guilty of that offense as to that particular defendant.

REQUEST NO. 18

<u>Separate Consideration – Multiple Defendants</u>

<u>Charged with the Same Offenses</u>[18]

The defendants Felix Roque and Joseph Roque are both charged with more than one offense; each offense is charged in a separate count of the Superseding Indictment.  The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual.  You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each offense.  For each defendant and offense, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.  Each offense and each defendant should be considered separately.

---

[18] Third Circuit Model Jury Instruction § 3.14.

<u>REQUEST NO. 19</u>

<u>Summary of the Superseding Indictment</u>

Defendants Felix Roque and Joseph Roque are charged in the Superseding Indictment with violating federal law, specifically: (1) conspiracy; and (2) unauthorized access to and obtaining information from protected computers in furtherance of certain other criminal violations.  More particularly, Count 1 of the Superseding Indictment charges that between on or about February 6, 2012 and on or about February 17, 2012, in Hudson County, in the District of New Jersey, and elsewhere, defendants Felix Roque and Joseph Roque did knowingly and intentionally conspire and agree with each other to commit offenses against the United States, namely, to:

(a)     intentionally access a computer without authorization and exceed authorized access and thereby obtain information from a protected computer, that is, a computer used in and affecting interstate commerce and communication to host the contents of an e-mail account:

> (i) in furtherance of criminal acts in violation of the laws of the United States, namely, knowingly causing the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally causing damage without authorization to protected computers used in and affecting interstate commerce to host the domain name and content for a website, contrary to Title 18, United States Code, Section 1030(a)(5)(A); and

> (ii) in furtherance of criminal acts in violation of the laws of the State of New Jersey, namely, harassment, contrary to N.J.S.A. Sections 2C:33-4(a) and (c), all contrary to Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii);

and

(b)     intentionally access a computer without authorization and exceed authorized access and thereby obtain information from a protected computer, that is, a Facebook computer used in and affecting interstate commerce and communication to promote a website, in furtherance of criminal acts in violation of the laws of the State of New Jersey, namely,

- 27 -

harassment, contrary to N.J.S.A. Sections 2C:33-4(a) and (c), all contrary to Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii),

in violation of Title 18, United States Code, Section 371.  The Superseding Indictment further charges that the objects of the conspiracy charged in Count 1 were for defendants Felix Roque and Joseph Roque to gain unauthorized access to an e-mail account and a Facebook Account and to gain access to and disable a website and to identify, harass, and intimidate others who operated, and were associated with, the website and the related e-mail and Facebook accounts. Count 1 also charges several overt acts committed by the defendants in furtherance of the conspiracy.

Count 2 of the Superseding Indictment charges that between on or about February 6, 2012 and on or about February 17, 2012, in Hudson County, in the District of New Jersey, and elsewhere, defendants Felix Roque and Joseph Roque, did knowingly and intentionally access a computer without authorization and exceed authorized access and thereby obtain information from a protected computer, that is, a computer used in and affecting interstate commerce and communication to host the contents of an e-mail account:

> (i) in furtherance of criminal acts in violation of the laws of the United States, namely, knowingly causing the transmission of programs, information, codes, and commands, and as a result of such conduct, intentionally causing damage without authorization to protected computers used in and affecting interstate commerce to host the domain name and content for a website, contrary to Title 18, United States Code, Section 1030(a)(5)(A); and

> (ii) in furtherance of criminal acts in violation of the laws of the State of New Jersey, namely, harassment, contrary to N.J.S.A. Sections 2C:33-4(a) and (c), all contrary to Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii),

in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii) and Section 2.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact offenses that the defendant is accused of committing.  An indictment simply is a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that defendants Felix Roque and Joseph Roque have been indicted in making your decision in this case.[19]

You will note that the Superseding Indictment charges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.[20]

Finally, you will note that the word "and" is used between charging words throughout the Superseding Indictment.  Here is just one example.  Both Counts One and Two refer to the transmission of programs, information, codes, "and" commands.  The use of "and" does not require the government to prove that all of those things were transmitted, but rather that one of them was.  In other words, you should treat the conjunctive "and" as used in the Superseding Indictment as being a disjunctive "or."[21]  An important exception to this rule is the portion of these particular counts that charge that the defendants acted with certain mental states, for example, "knowingly and intentionally."  In those instances, you must find that each of the

---

[19]  Third Circuit Model Jury Instruction § 3.07.

[20]  Third Circuit Model Jury Instruction § 3.08.

[21]  See United States v. Navarro, 145 F.3d 580, 591 (3d Cir. 1998); United States v. Niederberger, 580 F.2d 63, 68 (3d Cir. 1978); see also United States v. Murphy, 707 F.2d 895, 897 (6th Cir. 1983).

- 29 -

required mental states existed as set forth in these instructions in order to find a defendant guilty

of a particular count in the Superseding Indictment.

REQUEST NO. 20[22]

Count 1 - Conspiracy - Essential Elements

Count 1 of the Superseding Indictment charges that between on or about February 6, 2012 and on or about February 17, 2012, in the District of New Jersey, defendants Felix Roque and Joseph Roque knowingly and intentionally agreed or conspired with each other to commit offenses against the United States, namely accessing protected computers without authorization in furtherance of certain other criminal violations and that, to further the objectives of the conspiracy, at least one member of the conspiracy committed at least one overt act as alleged in the Superseding Indictment.

The federal offense of conspiracy is provided in Section 371 of Title 18 of the United States Codes, which provides:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of a offense against the United States].

Under this law it is an offense for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find defendants Felix Roque and Joseph Roque guilty of conspiracy to commit offenses against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First:      That two or more persons agreed to commit an offense or offenses against the United States, as charged in the Superseding Indictment (I will explain the elements of those offenses to you shortly.);

---

[22]  Third Circuit Model Jury Instruction § 6.18.371A.

- 31 -

Second:     That defendants Felix Roque and Joseph Roque were parties to or members of that agreement;

Third:      That defendants Felix Roque and Joseph Roque joined the agreement or conspiracy knowing of its objective to commit at least one offenses against the United States and intending to join together with at least one other alleged conspirator to achieve the objective; that is, that defendants Felix Roque and Joseph Roque and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit at least one offense against the United States; and

Fourth:     That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

I will explain each of these elements in more detail.

REQUEST NO. 21[23]

Count 1 - Conspiracy - Existence of an Agreement

The first element of the offense of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy to commit the offenses of accessing protected computers without authorization in furtherance of certain other criminal violations which I will explain.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances

---

[23]  Third Circuit Model Jury Instruction § 6.18.371C.

which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

Count 1 of the Superseding Indictment charges a single conspiracy to commit two federal offenses.  The first object offense of the conspiracy set forth in paragraph 2(a) of Count 1 of the Superseding Indictment is accessing without authorization and obtaining information from a computer that hosted the contents of a <u>Hotmail account</u> in furtherance of certain federal and state criminal violations that I will explain later in these instructions.  Since this object of the conspiracy alleges that the defendants conspired to access a computer and obtain information to further a federal and state offense, it is sufficient if you find that the defendants conspired to access a computer and obtain information to further either the federal or the state offense charged in paragraph 2(a) of Count 1 of the Superseding Indictment.  But to return a verdict of guilty, you must all agree that the defendants conspired to commit the same federal or state offense.  The second object offense of the conspiracy set forth in paragraph 2(b) of Count 1 of the Superseding Indictment is accessing without authorization and obtaining information from a computer that hosted the contents of a <u>Facebook account</u> in furtherance of a certain state criminal violation that I will explain later in these instructions.

The government does not have to prove that defendants Felix Roque and Joseph Roque agreed to commit all of these objects.  The government, however, must prove that the defendants agreed to commit at least one of these objects, and you must unanimously agree on that object. You cannot find defendants Felix Roque and Joseph Roque guilty of conspiracy unless you unanimously agree that the same offense was the objective of the conspiracy.[24]  For example, it is

---

[24]  Eleventh Circuit Pattern Jury Instructions (Criminal), 13.2 (West 2010).

not enough if some of you agree that the Hotmail account unauthorized access offense (paragraph 2(a) of Count 1 of the Superseding Indictment) was the objective of the conspiracy and others agree that only the Facebook account unauthorized access offense (paragraph 2(b) of Count 1 of the Superseding Indictment) was the objective of the conspiracy.

<u>REQUEST NO. 22</u>[25]

<u>Count 1 - Conspiracy - Member in the Agreement</u>

If you find that a criminal agreement or conspiracy existed, then in order to find defendants Felix Roque and Joseph Roque guilty of conspiracy you also must find that the government proved beyond a reasonable doubt that defendants Felix Roque and Joseph Roque knowingly and intentionally joined that agreement or conspiracy during its existence.  The government must prove that the alleged conspirators knew the goals or objectives of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goals or objectives and to work together with the other alleged conspirators toward those goals or objectives.

The government need not prove that defendants Felix Roque and Joseph Roque knew everything about the conspiracy or that they knew everyone involved in it.  The government also does not have to prove that either defendant played a major or substantial role in the conspiracy. You may consider both direct evidence and circumstantial evidence in deciding whether defendants Felix Roque and Joseph Roque joined the conspiracy, knew of its criminal objectives, and intended to further the objectives.  Evidence which shows that defendant Felix Roque or defendant Joseph Roque only knew about criminal activity, or only kept "bad company" by associating with persons engaging in criminal activity, or was only present when an offense was committed or discussed, is not sufficient to prove that each defendant was a member of the conspiracy even if he approved of what was happening or did not object to it.

---

[25]  Adapted from Third Circuit Model Jury Instruction § 6.18.371D.

Likewise, evidence showing that defendant Felix Roque or defendant Joseph Roque may have done something that happened to help a conspiracy does not necessarily prove that they joined the conspiracy.  You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that defendant Felix Roque or defendant Joseph Roque joined the conspiracy.

REQUEST NO. 23[26]

Count 1 - Conspiracy - Mental States

In order to find defendants Felix Roque and Joseph Roque guilty of conspiracy you must find that the government proved beyond a reasonable doubt that they joined the conspiracy knowing of its objectives and intending to help further or achieve those objectives. That is, the government must prove: (1) that defendants Felix Roque and Joseph Roque knew of the objectives or goals of the conspiracy; (2) that defendants Felix Roque and Joseph Roque joined the conspiracy intending to help further or achieve those goals or objectives; and (3) that defendants Felix Roque and Joseph Roque shared a unity of purpose toward those objective or those goals.

You may consider both direct evidence and circumstantial evidence, including defendants Felix Roque's and Joseph Roque's words or conduct and other facts and circumstances, in deciding whether defendant Felix Roque or defendant Joseph Roque had the required knowledge and intent. For example, evidence that defendant Felix Roque or defendant Joseph Roque derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's goals or objectives might tend to show that defendant Felix Roque or defendant Joseph Roque had the required intent or purpose that the conspiracy's goals or objectives be achieved.

---

[26] Third Circuit Model Jury Instruction § 6.18.371E.

REQUEST NO. 24[27]

Count 1 - Conspiracy - Success Immaterial

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find defendants Felix Roque and Joseph Roque guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

---

[27]  Third Circuit Model Jury Instruction § 6.18.371G.

REQUEST NO. 25[28]

Count 1 - Conspiracy - Elements and Definitions Related
to Offenses Charged as Objects of the Conspiracy

I now will instruct you as to the elements and definitions for the offenses charged as the

objects of the conspiracy in Count 1 of the Superseding Indictment.  As I explained earlier,

Count 1 charges that there were multiple objects of the conspiracy.  All of the objects involved

unlawful access to and obtaining information from computers in violation of Section

1030(a)(2)(C) of Title 18, United States Code, which provides:

> Whoever . . . intentionally accesses a computer without authorization or exceeds
> authorized access, and thereby obtains . . . information from any protected
> computer [shall have committed a federal offense].

The elements of a violation of Section 1030(a)(2)(C) of Title 18 of the United States

Code are as follows.

First:    The defendant knowingly and intentionally accessed without authorization or
          exceeded authorized access to a computer; and

Second:   By accessing without authorization, or exceeding authorized access to a
          computer, the defendant obtained information from a protected computer.[29]

In addition, Count 1 alleges that the criminal objects of the conspiracy were "in

furtherance of" certain other criminal violations of federal and state law.  Specifically, Count 1

alleges that the first Section 1030(a)(2)(C) criminal object – that is, the one relating to the

Hotmail account – was "in furtherance of":  (a) the transmission of a program, information, code,

or command to cause damage to a protected computer that was used to host the domain name or

---

[28]  Third Circuit Model Jury Instruction § 6.18.371F.

[29]  Eight Circuit Model Jury Instruction § 6.18.1030E.

content of a website contrary to Section 1030(a)(5)(A); and (b) harassment contrary to N.J.S.A.

Sections 2C:33-4(a) and (c).  Furthermore, Count 1 of the Superseding Indictment alleges that

the second Section 1030(a)(2)(C) criminal object – that is, the one relating to the <u>Facebook</u>

<u>account</u> – was "in furtherance of" harassment contrary to N.J.S.A. Sections 2C:33-4(a) and (c).  I

now will instruct you as to each of these offenses.

Section 1030(a)(5)(A) of Title 18 of the United States Code provides:

Whoever . . . knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer [shall have committed a federal offense].

The elements of a violation of Section 1030(a)(5)(A) of Title 18 of the United States Code are as

follows.[30]

First:   The defendant knowingly caused the transmission of a program, information, code, or command to a protected computer; and

Second:   The defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization.

Several of the terms and phrases you have just heard have special meanings, which I now

will explain.  You must use these definitions in your deliberations and must not substitute other

meanings for these terms and phrases.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other

high speed data processing device performing logical, arithmetic, or storage functions, and

includes any data storage facility or communications facility directly related to or operating in

---

[30]  Eight Circuit Model Jury Instruction § 6.18.1030E.

conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.[31]

The phrase "protected computer" means a computer that is used in or affecting interstate or foreign commerce or communication.[32]  A computer with an Internet connection is a computer used in or affecting interstate or foreign commerce or communication.[33]

The phrase "access without authorization" is to access a computer without approval, authority, or permission.[34]

The term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the person accessing the information is not entitled to obtain or alter.[35]

The term "damage" means any impairment to the integrity or availability of data, a program, a system, or information.[36]

---

[31]  18 U.S.C. § 1030(e); N.J.S.A. § Eight Circuit Model Jury Instruction § 6.18.1030I.

[32]  18 U.S.C. § 1030(e); N.J.S.A. § Eight Circuit Model Jury Instruction § 6.18.1030I.

[33]  *United States v. Trotter*, 478 F.3d 918, 921 (8th Cir. 2007); *see also Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008).

[34]  "Without authorization" is not defined in Section 1030 but is commonly understood to refer to persons who have no permission or authority to do a thing whatsoever.  *Condux Intern., Inc. v. Haugum*, 2008 WL 5244818 at *4 (D. Minn. Dec. 15, 2008) (citations omitted).

[35]  18 U.S.C. § 1030(e); N.J.S.A. § Eight Circuit Model Jury Instruction § 6.18.1030I.

[36]  18 U.S.C. § 1030(e); N.J.S.A. § Eight Circuit Model Jury Instruction § 6.18.1030I.

The phrase "in furtherance of" means with the intent to help, advance, move forward, or facilitate an offense.[37]  I am instructing you that in order to prove that a particular defendant committed one offense "in furtherance of" a second offense the government is not required to prove all of the elements of the second offense.  In other words, the second offense need not have been completed at the time the first offense occurred.  In order to find a particular defendant guilty of committing one offense "in furtherance of" a second offense, the government must prove beyond a reasonable doubt that when the defendant committed the first offense he did so with the intent to help, advance, move forward, or facilitate the second offense.[38]

I now will explain the law regarding the offense of harassment under the laws of the State of New Jersey.  There are two ways a person may commit the offense of harassment that are relevant to your deliberations.  The first way is addressed in subsection (a) of Section 2C:33-4 of N.J.S.A., which provides:

> [A] person commits [an offense] if, with purpose to harass another, he . . .
> [m]akes, or causes to be made, a communication or communications anonymously
> or at extremely inconvenient hours, or in offensively coarse language, or any other
> manner likely to cause annoyance or alarm  . . . .

---

[37]  See United States v. Moran-Toala, No. 08–CR–103 (FB), 2012 WL 748612, at *3 (E.D.N.Y. March 8, 2012) (noting the court's instruction to the jury in case charging a violation of 1030(a)(2)(c), (c)(2)(B)(ii) "in furtherance of" conspiracy to import narcotics); see also United States v. Cioni, 649 F.3d 276, 284-85 (4th Cir. 2011) (rejecting defendant's claim that computer intrusion was not "in furtherance of" making harassing phone calls where evidence showed defendant's illegal access to victim's voice-mail "facilitated" the harassing telephone calls "by supplying the ammunition that made the calls harassing and threatening").

[38]  See United States v. Moran-Toala, No. 08–CR–103 (FB), 2012 WL 748612, at *3 (E.D.N.Y. March 8, 2012); United States v. Kernell, No. 3:08-CR-142, 2010 WL 1408438, at *6 (E.D. Tenn. April 2, 2010) .

- 43 -

A violation of this provision has the following elements:[39]

First:    That the defendant made one or more communications anonymously, or at extremely inconvenient hours, or in offensively coarse language, or in any other manner likely to cause annoyance or alarm, or in a manner that intruded into the victim's legitimate expectations of privacy from such communications; and

Second:   That the defendant's purpose was to harass a particular person, in other words, to annoy or alarm that person.

The second way a person may commit the offense of harassment way is addressed in

subsection (b) of Section 2C:33-4 of N.J.S.A., which provides:

[A] person commits [an offense] if, with purpose to harass another, he . . . [e]ngages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

A violation of this provision has the following elements:[40]

First:    That the defendant engaged in a course of alarming conduct or of repeatedly committed acts; and

Second:   That the defendant's purpose was to harass a particular person, that is, to alarm or seriously annoy that person.

To summarize, Count 1 of the Superseding Indictment does not charge that the offenses

that I have just explained were completed offenses.  Rather, Count 1 charges that these offenses

were the criminal objects of the conspiracy.

---

[39]   New Jersey Criminal Model Charges (available at http://www.judiciary.state. nj.us/criminal/juryindx.pdf); see State v. Hoffman, 149 N.J. 564, 576, 695 A.2d 236, 242 (1997).

[40]   New Jersey Criminal Model Charges (available at http://www.judiciary.state. nj.us/criminal/juryindx.pdf).

REQUEST NO. 26[41]

Count 1 - Conspiracy - Overt Acts

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in Count 1 of the Superseding Indictment, for the purpose of furthering or helping to achieve the objectives of the conspiracy.

Count 1 of the Superseding Indictment alleges certain overt acts. The government does not have to prove that all of these acts were committed or that any of these acts were themselves illegal.  Also, the government does not have to prove that both defendants Felix Roque and Joseph Roque personally committed any of the overt acts.  The government must prove beyond a reasonable doubt that at least one member of the conspiracy committed at least one of the overt acts alleged in Count 1 of the Superseding Indictment and committed it during the time that the conspiracy existed, for the purpose of furthering or helping to achieve the objectives of the conspiracy. You must unanimously agree on the overt act that was committed.

_____

[41]  Third Circuit Model Jury Instruction § 6.18.371F.

- 45 -

REQUEST NO. 27[42]

Count 1 - Conspiracy - Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that defendants Felix Roque and Joseph Roque, who are alleged to be co-conspirators with one another, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against each defendant acts done or statements made by the other, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in one of the defendant's absence and without the absent defendant's knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

---

[42]  Third Circuit Model Jury Instruction § 6.18.371K

<u>REQUEST NO. 28</u>

<u>Count 2 – Unauthorized Access – Overview and Elements</u>

Count 2 of the Superseding Indictment charges defendants Felix Roque and Joseph Roque with committing one of offenses that I described earlier to you as an objective of the conspiracy charged in Count 1.  Specifically, Count 2 charges that between on or about February 6, 2012 and on or about February 17, 2012, in Hudson County, in the District of New Jersey, defendants Felix Roque and Joseph Roque did knowingly and intentionally access a computer without authorization and exceed authorization and obtained information from a protected computer that hosted the contents of a Hotmail account "in furtherance of":  (a) transmission of  programs, information, codes, or commands, and as a result, intentionally cause damage to protected computers that were used to host the domain name or content of a website contrary to Section 1030(a)(5)(A); and (b) harassment, contrary to N.J.S.A. Sections 2C:33-4(a) and (c).

In order for you to find defendants Felix Roque and Joseph Roque guilty of the offense charged in Count 2, you must find that the government proved beyond a reasonable doubt each of the following elements:

First:     The defendant knowingly and intentionally accessed without authorization or exceeded authorized access to a computer; and

Second:  By accessing without authorization, or exceeding authorized access to a computer, the defendant obtained information from a protected computer.

If you find these two elements unanimously and beyond a reasonable doubt, you then must find the particular defendant guilty of the offense charged in Count 2.  Record your determination on the Verdict Form which will be submitted to you.

- 47 -

If you find these two elements unanimously beyond a reasonable doubt, you then must decide whether defendants Felix Roque and Joseph Roque acted "in furtherance of" criminal acts in violation of <u>either</u>:

One:       Knowingly transmitting, or causing to be transmitted, a program, information, code, or command to intentionally causing damage to a computer that was used to host the domain name or content of a website, contrary to Section 1030(a)(5)(A); <u>or</u>

Two:       Harassment, contrary to N.J.S.A. Sections 2C:33-4(a) and (c).

Your decision as to this must be unanimous one way or the other, and it must be reached beyond a reasonable doubt.  Record your determination on the Verdict Form which will be submitted to you.

Earlier in these instructions, I explained the elements of the offenses that Count 2 charges the defendants acted "in furtherance of."  I also explained that the phrase "in furtherance of" means with the intent to help, advance, move forward, or facilitate an offense and does not require that such offense have been completed.  You should apply those instructions in your deliberations on Count 2.  The terms "knowingly" and "intentionally" have special meanings that I will explain to you in a few moments.

<u>REQUEST NO.  29</u>

<u>Count 2 – Unauthorized Access – Multiple Bases for Liability</u>[43]

There are three ways that the government may prove defendants Felix Roque and Joseph Roque guilty of the offense charged in Count 2 of the Superseding Indictment.

The first way the government may prove defendants Felix Roque and Joseph Roque guilty of this offense is by proving that each of them personally committed it.

The second way the government may prove defendants Felix Roque and Joseph Roque guilty of the offense charged in Count 2 is based on the legal rule that each member of a conspiracy is responsible for offenses and other acts committed by the other member, as long as those offenses and acts were committed to help further or achieve the objective of the conspiracy and were reasonably foreseeable to him as a necessary or natural consequence of the agreement. In other words, under certain circumstances the act of one conspirator may be treated as the act of all.  This means that all the conspirators may be convicted of an offense committed by any one or more of them, even though they did not all personally participate in that offense themselves.  In order for you to find defendants Felix Roque and Joseph Roque guilty of the offense charged in Count 2 based on this legal rule, you must find that the government proved beyond a reasonable doubt each of the following four (4) requirements:

> One:  That the defendant under consideration was a member of the conspiracy charged in the Superseding Indictment;
>
> Second:  That while the particular defendant was still a member of the conspiracy, the other member of the conspiracy committed the offense charged in Count 2, by

---

[43] This instruction consolidates the Third Circuit Model Jury Instructions concerning Pinkerton Liability (§ 7.03) and Accomplice Liability (§ 7.02) into a single instruction.

- 49 -

committing each of the elements of that offense, as I explained those elements
to you in these instructions.

Third:     That the other member of the conspiracy committed this offense within the
           scope of the unlawful agreement and to help further or achieve the objectives
           of the conspiracy; and

Fourth:    That this offense was reasonably foreseeable to or reasonably anticipated by
           the particular defendant as a necessary or natural consequence of the unlawful
           agreement.

Under this legal rule, the government does not have to prove that the particular defendant

specifically agreed or knew that this offense would be committed.  However, the government

must prove that the offense was reasonably foreseeable to him, as a member of the conspiracy,

and within the scope of the agreement as he understood it.

The third way the government may prove defendants Felix Roque and Joseph Roque

guilty of the offense charged in Count 2 is based on the legal rule that a person may be guilty of

an offense because he aided and abetted another person in committing the offense.  This rule is

set forth in Title 18, United States Code, Section 2, which provides:

Whoever commits an offense against the United States, or aids, abets, counsels,
commands, induces, or procures its commission, is punishable as a principal.

Whoever willfully causes an acts to be done, which if directly performed by him
or another would be an offense against the United States, is punishable as a
principal.

Thus, under Title 18, United States Code, Section 2, every person who willfully participates in

the commission of an offense may be found to be guilty of that offense as if he himself had

performed all of the acts necessary to constitute the offense.  A defendant "willfully participates"

if he deliberately and intentionally (as opposed to accidentally, carelessly, or unintentionally)

seeks, by some act or failure to act, to make the criminal venture succeed, notwithstanding the

- 50 -

fact that intermediaries perform some of the conduct constituting the offense.  This legal rule requires a showing of intent to help those involved in the offense.  To convict a person of aiding and abetting the commission of an offense, the government must prove beyond a reasonable doubt that the defendant charged with the offense (1) knew of the commission of the substantive offense, and (2) deliberately acted with the intent to facilitate it.  To aid and abet the commission of a criminal offense, the defendant must do more than merely associate with an individual involved in a criminal venture.  Mere presence at the scene of the offense even in the company of one or more of the principal wrongdoers does not alone make one an aider and abettor, unless the government has proven beyond a reasonable doubt that the defendant knowingly and intentionally did something to forward the offense and that he was a participant, rather than merely a knowing spectator.  Of course, you may not find a defendant guilty of aiding and abetting unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by someone else and that the defendant participated in its commission in the ways I have explained.[44]

---

[44]  See United States v. Margiotta, 688 F.2d 108, 131-32 (2d Cir. 1982) (citing United States v. Bryan, 483 F.2d 88, 92 (3d Cir. 1973) (en banc) and United States v. DeCavalcante, 440 F.2d 1264, 1268 (3d Cir. 1971)), cert. denied, 461 U.S. 913 (1983).

<u>REQUEST NO. 30</u>

<u>Count 2 – Required State of Mind – "Knowingly"</u>[45]

To the extent that the two counts charged in the Superseding Indictment require that the government prove that defendants Felix Roque and Joseph Roque acted "knowingly" with respect to certain elements of the offenses, I will define that term for you now.  This means that the government must prove beyond a reasonable doubt that defendants Felix Roque and Joseph Roque were conscious and aware of the nature of their actions and of the surrounding facts and circumstances, as specified in the definition of the offenses charged.  In deciding whether defendants Felix Roque and Joseph Roque acted "knowingly," you may consider evidence about what the defendants said, what they did and failed to do, how they acted, and all the other facts and circumstances shown by the evidence that may prove what was in the particular defendant's mind at that time.  The government is not required to prove that defendants Felix Roque and Joseph Roque knew their acts were against the law.

---

[45]  Third Circuit Model Jury Instruction § 5.02.

REQUEST NO. 31

Count 2 – Required State of Mind – "Intentionally"[46]

The offenses charged require that the government prove that defendants Felix Roque and Joseph Roque acted "intentionally"with respect to elements of the offenses.  This means that the government must prove beyond a reasonable doubt either that (1) it was the particular defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the particular defendant knew that they were acting in that way or would be practically certain to cause that result.

---

[46]  Third Circuit Model Jury Instruction § 5.03.

<u>REQUEST NO. 32</u>

<u>Count 2 – Unauthorized Access – Proof of Required State of Mind</u>[47]

Often the state of mind with which a person acts at any given time cannot be proved directly, because one cannot read another person's mind and tell what he or she is thinking. However, defendants' state of mind can be proved indirectly from the surrounding circumstances. Thus, to determine defendants' state of mind at a particular time, you may consider evidence about what the defendants said, what they did and failed to do, how they acted, and all the other facts and circumstances shown by the evidence that may prove what was in their mind at that time. It is entirely up to you to decide what the evidence presented during this trial proves, or fails to prove, about defendants Felix Roque's and Joseph Roque's state of mind.

You also may consider the natural and probable results or consequences of any acts defendants Felix Roque and Joseph Roque knowingly did, and whether it is reasonable to conclude that they intended those results or consequences. You may find, but you are not required to find, that defendants Felix Roque and Joseph Roque knew and intended the natural and probable consequences or results of acts they knowingly did. This means that if you find that an ordinary person in the defendants' situation would have naturally realized that certain consequences would result from their actions, then you may find, but you are not required to find, that defendants Felix Roque and Joseph Roque did know and did intend that those consequences would result from their actions. This is entirely up to you to decide as the finders of the facts in this case.

---

[47] Third Circuit Model Jury Instruction § 5.01.

REQUEST NO. 33

Motive Explained[48]

Motive is not an element of the offense with which is charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that the defendants are guilty and proof of good motive alone does not establish that the defendants are not guilty. Evidence of defendants' motive may, however, help you find each of their intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is an offense.

---

[48]  Third Circuit Model Jury Instruction § 5.04.

<u>REQUEST  NO. 34</u>

<u>Election Of Foreperson; Unanimous Verdict; Do Not Consider Punishment; Duty To</u>

<u>Deliberate; Communication With Court</u>[49]

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First:  The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court.  He or she will also preside over your discussions.  However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second:  I want to remind you that your verdicts, whether guilty or not guilty, must be unanimous.  To find a particular defendant guilty of a particular count in the Superseding Indictment, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that particular count of the Superseding Indictment beyond a reasonable doubt.  To find a particular defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt regarding that particular count.

Third:  If you decide that the government has proved a defendant guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

---

[49]  Third Circuit Model Jury Instruction § 3.16.

- 56 -

Fourth:  As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you.  You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth:  Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved a particular defendant guilty beyond a reasonable doubt.  No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.  [Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.]

- 57 -

Sixth:  Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other.  During your deliberations, you can <u>not</u> use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh:  If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me.  I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject. [If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.]

One more thing about messages.  Do not ever write down or tell anyone how you or any one else voted.  That should stay secret until you have finished your deliberations.  If you have occasion to communicate with the court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any of the charges.

REQUEST NO. 35

Verdict Form[50]

A verdict form has been prepared that you should use to record your verdicts.

Take this form with you to the jury room.  When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form, date and sign it, return it to the courtroom and give the form to my courtroom deputy to give to me.  If you decide that the government has proved defendants guilty of a particular offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the defendant guilty of a particular offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.

---

[50]  Third Circuit Model Jury Instruction § 3.17.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Kevin McNulty |
| | : | |
| | : | Crim. No. 12-540 (KM) |
| v. | : | |
| | : | |
| | : | |
| FELIX ROQUE, and | : | |
| JOSEPH ROQUE, | : | |
| a/k/a "Maria Pasquale" | : | |
| a/k/a "Jeffery Reynoso " | : | |

**VERDICT FORM WITH SPECIAL INTERROGATORIES**

We, the jury, find:

**<u>Count 1</u>**

Felix Roque            _____ GUILTY

                       _____ NOT GUILTY


Joseph Roque           _____ GUILTY

                       _____ NOT GUILTY

**<u>Count 2</u>**

Felix Roque            _____ GUILTY

                       _____ NOT GUILTY


Joseph Roque           _____ GUILTY

                       _____ NOT GUILTY

- 60 -

If you found the defendants "guilty" with respect to Count 2, you must answer the following questions and you must unanimously agree on the answers:

a.  Did the particular defendant act in furtherance of the transmission or causing the transmission of a program, information, code, or command to cause damage to a computer that was used to host the domain name or content of a website contrary to Section 1030(a)(5)(A)?

Felix Roque              _____ YES

                         _____ NO


Joseph Roque             _____ YES

                         _____ NO

b.  Did the particular defendant act in furtherance of harassment contrary to subsection (a) of N.J.S.A. Section 2C:33-4?

Felix Roque              _____ YES

                         _____ NO


Joseph Roque             _____ YES

                         _____ NO

c.  Did the particular defendant act in furtherance of harassment contrary to subsection (c) of N.J.S.A. Section 2C:33-4.

Felix Roque              _____ YES

                         _____ NO

- 61 -

Joseph Roque          _____ YES

                      _____ NO

_____
Foreperson

_____
Date