UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**FELIX ROQUE and**<br>**JOSEPH ROQUE**<br>a/k/a "Maria Pasquale,"<br>a/k/a "Jeffery Reynoso"<br><br>**Defendants** | Cr. No. 12-540 (KM)<br><br>MEMORANDUM OPINION AND ORDER ON EX PARTE APPLICATION OF THE UNITED STATES FOR A RULING ON DISCOVERABILITY OF CERTAIN FBI REPORTS |

By letter application dated August 27, 2013, with attachments labeled A, B, and C, the United States (by Barbara R. Llanes and L. Judson Welle, AUSAs) has sought a ruling from this Court that certain FBI reports relating to Jose Munoz, a government witness, need not be produced in discovery. The government's application was submitted *ex parte* and under seal. I write very briefly to memorialize my tentative ruling. Because I intend to file this opinion, I will not reveal any of the information sought to be withheld.

The government agrees to turn over all reports regarding to Munoz that relate to these defendants, West New York, or this case. These include reports of statements made by Munoz to the FBI, as well as vouchers for reimbursement of expenses incurred in connection with investigation, debriefing, and relocation. I agree with the government this material is the major component of what must be disclosed.

The government states that it does not intend to turn over reports of information that Munoz provided to the FBI regarding other matters. According to the government, this information is not discoverable as "Jencks material" under 18 U.S.C. § 3500, because it does not relate to this case or these defendants. Nor is it is *Giglio* material, *i.e.*, material that might be used to impeach the credibility of a crucial prosecution witness. *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The government states that Mr. Munoz received no favors or compensation in return for this information.

All that the government proposes to reveal with respect to this material is that "(1) from February 2011 to the present Jose Munoz was a confidential source of information for the FBI; and (2) during that time, Mr. Munoz provided information on matters not related to this case." Thus the government proposes

to omit certain reports (submitted under tab A) and redact others (submitted under tab B), when discovery is turned over. The government submitted unredacted versions of the reports for my inspection (under tab C).

I have reviewed the materials, but I am not in a position to give the government all of the assurances it seeks. The statements in the AUSAs' letter, although unchallenged by an adversary, have some plausibility, and I do not doubt the AUSAs' sincerity in making them. The proposed omissions or redactions do not seem to be excessive in light of the justifications proffered for them.

But without having heard the witnesses or seen the government's evidence, I cannot definitively state that the withheld information bears no relation to this case. Nor can I state definitively that the withheld information, even if unrelated to this case, could not be used to impeach Munoz's credibility. Of course, I am equally unable to say that such statements *could* be used to impeach him, because that would require me to hypothesize, e.g., that they contain falsehoods. (I saw no indication in the redacted portions of the reports that the FBI believes any of Munoz's information is false.) In short, any ruling I make today can be no more than a tentative one, subject to being revisited. Therefore:

**IT IS,** this 4th day of September, 2013, **ORDERED** as follows:

1. The United States shall immediately turn over in discovery the materials under tab B and shall, as proposed, formally disclose that "(1) from February 2011 to the present Jose Munoz was a confidential source of information for the FBI; and (2) during that time, Mr. Munoz provided information on matters not related to this case." It shall also represent to the defense that Mr. Munoz received no compensation for doing so.
2. The rest of the materials will be maintained in the Court's file under seal. I will require the government to re-review them, and I will do so, later in the case, when the context is more clear.
3. In the meantime, the government is urged to consider whether it might err on the side of disclosing some or all of the material proposed to be withheld, to avoid delays, possible recalling of witnesses, or other complications at trial.

_____
HON. KEVIN MCNULTY
United States District Judge