UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**FELIX ROQUE** and<br>**JOSEPH ROQUE**<br>a/k/a "Maria Pasquale,"<br>a/k/a "Jeffery Reynoso"<br><br>**Defendants** | Cr. No. 12-540 (KM)<br><br>OPINION AND ORDER<br>DENYING RECONSIDERATION<br>OF MEMORANDUM OPINION<br>AND ORDER ON EX PARTE<br>APPLICATION OF THE UNITED<br>STATES FOR A RULING ON<br>DISCOVERABILITY OF<br>CERTAIN FBI REPORTS |

By letter application (Document 51), Defendants request that I reconsider my Memorandum Opinion and Order (Document No. 49) in which I tentatively granted the application of the United States to withhold certain items. The government submitted the items for my inspection out of caution, on the theory that they were not discoverable. Although an *ex parte* application was necessary to avoid disclosure of non-discoverable material, I felt it appropriate to decide the application by publicly-filed order, particularly because it relates to a government trial witness.

The defendants seek immediate disclosure of the items withheld from discovery. The materials, whether disclosed or not, relate to a government witness, Jose Munoz.

The discovery that the government has provided is clearly appropriate, in that it consists of material that relates to this case and these defendants, or that could be used to impeach Munoz's testimony. The government has also turned over certain vouchers for reimbursement of expenses. In conformity with my earlier order, the government has disclosed that "(1) from February 2011 to the present Jose Munoz was a confidential source of information for the FBI; and (2) during that time, Mr. Munoz provided information on matters not related to this case."

Other material has been redacted. The material being withheld, according to the government, may involve information supplied by Munoz, but the information does not relate to this case and does not contain impeachment

material. The government has represented to defendants that Mr. Munoz received no favors or compensation in return for the information he supplied.

Defendants proffer that Munoz could be impeached by virtue of the fact that, although an informant since February 2011, he allegedly did not disclose the existence of his own website until after it was disabled. Of course, defendants proffer this theory without the benefit of the withheld material; I construe it broadly as a suggestion of the kind of cross-examination that might flow from the withheld material. The fact remains that this proffer is the result of disclosures that the government *did* make.

I am no more able today than I was six days ago to make a definitive ruling. For now, my tentative ruling stands. The government, although it sought my review, has the primary role in identifying material that is or is not discoverable, particularly at this stage. Once we have an evidentiary context at trial, it is possible that the government's assessment, or mine, could change.

The government is again cautioned that all discoverable material should be turned over timely. If necessary, I will grant the defendants a delay, continuance, or leave to recall a witness if it is necessary to make effective use of any material later determined to be discoverable. Accordingly,

**IT IS,** this **10th** day of September, 2013,

**ORDERED** that the Court adheres to its ruling of September 6, 2013 (Document No. 49).

_____
HON. KEVIN MCNULTY
United States District Judge